DAVID IGLESIAS JORDÁN, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 858. Submitted January 13, 1932.—Decided January 19, 1932.

*G. Zeno Sama* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

We are concerned with the interpretation to be given to Act of the Legislature No. 69 of 1931. Said act was approved on May 1, 1931, and was to take effect in 90 days, or on July 30, 1931. The act reads as follows:

"Section 1.—Article 127 of the Mortgage Law in force, is hereby amended to read as follows:

" 'The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the first public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.

" 'Should the first public sale fail to produce an award or adjudication, two-thirds of the value at which the contracting parties appraise the estate shall serve as a basis for the second public sale, but when said two-thirds part do not exceed the amount of preferred liabilities, such amount shall be the minimum limit of admissible bids.

" 'Should there be no award or adjudication at the second public sale, the basis for such other sales as may be held shall be the total amount of the preferred credits.'

"Section 2.—The provisions of the Act of March 9, 1905, relative to judgments and the satisfaction thereof, so far as they conflict with the provisions of article 127 of the Mortgage Law as amended by the preceding article, and all other laws or parts of laws in conflict herewith, are hereby repealed.

"Section 3.—This Act shall take effect ninety days after its approval."

The specific question involved is whether mortgages made before the 30th of July, 1931, should necessarily contain the valuation of the property.

This was a voluntary mortgage made by David Iglesias Jordán to secure to Louisé Mersch Esteva the sum of seven hundred dollars. It was executed on the 11th of July, 1931.

When presented to the registrar on October 19, 1931, he recorded the same with the curable defect that the value was not stated.

The Mortgage Law of July 14, 1893, provided in section 127 as follows:

"The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the only public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan."

Under various decisions of this Court (*Porto Rican Leaf Tobacco Co.* v. *Registrar*, 23 P.R.R. 470; *Cintrón et al.* v. *Banco Territorial y Agrícola*, 15 P.R.R. 495; *Giménez et al.* v. *Brenes*, 10 P.R.R. 124), it was held that the Act of March 9, 1905, which changed the manner of executing mortgages, made the expression of the value of the property as required by section 127 of the Mortgage Law to be without any practical purpose or necessity. Therefore, at least until May 1, 1931, it was unnecessary to express the value of the property in a mortgage deed.

The appellant maintains that Act No. 69 could not have a retroactive effect, and hence could not apply to a notary who was executing a deed on July 11, 1931. The registrar maintains that the provision of section 127 of the Mortgage Law was never actually repealed, and that Act No. 69 being only an adjective provision could definitely revive section 127 of the Mortgage Law, even for deeds executed before July 30, 1931.

We think the registrar is mistaken. Laws are forward-looking. Until the 30th of July, 1931, the Act of 1905 was in force. Before that date parties made their contracts in accordance with the existing law and their manner of execution. The Act of 1905 was not repealed with respect to deeds made before Act No. 69 went into effect. The parties or the notary on July 11, 1931, in accordance with the existing jurisprudence, were not bound to fix the value of the property,

because they were not obliged to take any notice of the Act of 1931 until it actually went into effect. The parties had a right to consider that the prevailing system should be followed. We are quite satisfied that the said act only applied to deeds that should be executed after July 30, and that deeds executed before that time would be governed by the Act of 1905.

The appellant also maintains that section 127 of the Mortgage Law speaks of the contracting parties giving the value of the property; that there are no contracting parties in a voluntary deed. We are of the opinion that section 127 was applicable to all mortgages, voluntary or otherwise, inasmuch as a voluntary deed presupposes the ultimate acceptance by the mortgagee. Two parties are contemplated even by a voluntary mortgage.

The note of the registrar will be reversed and the record made without a curable defect.